## STATE EX REL. C. D. WHIPPLE v. OSCAR MARTINSON, SHERIFF OF HENNEPIN COUNTY.[1]

### November 21, 1919.

### No. 21,700.

**No conflict between 1915 Act and Harrison Narcotic Drug Act.**

1. Chapter 260, Laws 1915, restricting the manufacture, sale and dis-pensing of certain habit forming narcotic drugs, as involved in State v. Whipple, 143 Minn. 403, *held* not in conflict with the act of Congress known as the Harrison Narcotic Drug Act, and that the judgment of conviction therein rendered is not unlawful as violative of the paramount legislative power of the Federal Congress or otherwise.

Upon the relation of C. D. Whipple the district court for Hennepin county granted its writ of habeas corpus directed to Oscar Martinson, sheriff for that county, who had the custody of relator by virtue of a warrant of commitment of said court. The matter was heard by Moly-neaux, J., who quashed the writ and remanded relator to the custody of the sheriff. From the order quashing the writ, relator appealed. Affirmed.

*Charles B. Elliott,* for appellant.

*Clifford L. Hilton,* Attorney General, *James E. Markham,* Assistant Attorney General, and *William M. Nash,* County Attorney, for respondent.

BROWN, C. J.

Habeas corpus to effect the release and discharge of relator from the custody and restraint of respondent. The facts are as follows:

Relator, a practicing physician, duly licensed as such under the laws of the state, was indicted and convicted in the district court of Hennepin county of a violation of chapter 260, p. 358, Laws 1915, and sentenced to a term in prison. Respondent, as sheriff of the county, holds him in

[1]Reported in 174 N. W. 823.

custody by virtue of a warrant of commitment issued on the judgment of conviction. The judgment was affirmed on appeal to this court. 143 Minn. 403, 173 N. W. 801. Reference is here made to the opinion there rendered for a statement of the facts and the terms and provisions of the statute under which the conviction was had. The particular provision of the statute, as there construed, prohibits a physician from furnishing the drug to habitual users, out of stocks kept on hand, and limits the right of the physician to furnish it to the usual prescription to be filled by a druggist. Relator furnished the drug direct from his stock, which the statute declares unlawful. Such was the basis of his conviction.

Relator contends that the paramount right of legislation upon the subject matter of the statute rests with the Federal Congress. That in the exercise of that right Congress duly enacted sections 6287g, et seq. U. S. Comp. St. 1918, being an act regulating the importation, manufacture and sale of opium and the various compounds thereof, approved December 17, 1914, known as the Harrison Narcotic Drug Act. And that the statute of this state, insofar as it conflicts with the terms and provisions of the act of Congress, is unconstitutional and inoperative and void. Relator further contends that the Federal statute permits an act such as that here in question, which the state statute condemns, therefore, that in respect to such conflict the state statute falls and the conviction of relator thereunder becomes unlawful as violative of the paramount Federal authority, entitling relator to discharge from further restraint. The validity of the act of Congress was sustained in the case of U. S. v. Doremus, 249 U. S. 86, 39 Sup. Ct. 214, 63 L. ed. 493.

Conceding, without considering or deciding the point, which we think of doubtful merit, that the right of legislation upon the subject in hand is paramount in the Federal Congress, and that the state statute is void insofar as it conflicts with the act of Congress, we are unable, after careful examination and comparison of the two statutes, to discover any conflict in the respect here claimed. It would serve no useful purpose to attempt to analyze the respective enactments, and we are content with announcing the conclusion stated without further comment.

The writ is therefore in all things discharged, but the commitment of relator to prison will be stayed for 30 days from the filing hereof, to enable him to take such further proceedings in the premises as he may

be advised. Relator may be admitted to bail during the stay, upon filing a bond in he office of the clerk of the district court in the penal sum of $2,500; the sureties thereon to be approved by a judge of the district court, and the bond to be conditioned in all respects as required by law in such cases.